# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**PETER J. VROOM,**                     )
                                        )
    **Plaintiff,**       )
                                        )
    **v.**               )          **Civil Action No. 12-143**
                                        )
**FEDERAL ELECTION COMMISSION,**        )
                                        )
    **Defendant.**        )
_____ )

## MEMORANDUM OPINION

Peter J. Vroom seeks review of the dismissal of his administrative complaint by the Federal Election Commission.[1] Mr. Vroom complained that the FEC wrongly approved the disaffiliation of General Electric Company's Political Action Committee ("GEPAC") and Penske Truck Leasing Corporation, L.P.'s Political Action Committee ("Penske PAC"). The PACs had been affiliated due to GE's financial control of Penske. With their request to disaffiliate the PACs, GE and Penske informed the FEC that their relationship had changed, so that GE no longer held a controlling financial interest in Penske. Mr. Vroom urged the FEC to investigate GE and Penske, asserting that they had filed false and misleading information about their corporate relationship, which had caused the FEC to disaffiliate their two PACs wrongly. Without four votes among the FEC Commissioners to initiate an investigation, Mr. Vroom's

_____

[1] Under the Federal Election Campaign Act, "[a]ny person who believes a violation of [the] Act . . . has occurred, may file a complaint" with the FEC. 2 U.S.C. § 437g(a)(1). Commissioners vote on whether they have "reason to believe" a violation has occurred. *Id.* § 437g(a)(2). If four of the six commissioners vote affirmatively, the FEC begins an investigation. *Id.* However, if no majority makes such a finding, the FEC dismisses the complaint, and the complainant may seek district court review of whether the dismissal is "contrary to law." *Id.* § 437g(a)(8).

administrative complaint was dismissed.  The FEC now moves to dismiss his amended complaint before this Court, arguing that Mr. Vroom does not have standing to bring this suit because he has suffered no tangible harm.  Appearing *pro se*, Mr. Vroom insists he has suffered an informational injury sufficient for standing.

## I.  FACTS

This Court previously dismissed without prejudice Mr. Vroom's original complaint for lack of jurisdiction.  Order [Dkt. 12] (Dec. 6, 2012) at 4.  That complaint sought only a legal determination that GE and Penske violated the Federal Election Campaign Act ("FECA"), 2 U.S.C. § 431 *et seq*., not a remedy to a cognizable injury.  *See* Compl. [Dkt. 1] ¶ 16 ("The FEC's failure to adequately investigate and pursue Vroom's complaint and to cooperate fully . . . has allowed GE/Penske to continue to operate in violation of the law and denied Mr. Vroom the benefits of the FEC's findings on the merits of his complaint.").  The Court dismissed that complaint because "[t]o hold that a plaintiff can establish injury in fact merely by alleging that he has been deprived of the knowledge as to whether a violation of the law has occurred would be tantamount to recognizing a justiciable interest in the enforcement of the law.  This we cannot do."  Order at 3-4 (quoting *Common Cause v. FEC*, 108 F.3d 413, 418 (D.C. Cir. 1997) (per curiam)).  In other words, even though FECA provides that "[a]ny person who believes a violation of [the] Act . . . has occurred, may file a complaint," and sue if the complaint is dismissed, 2 U.S.C. § 437g(a)(8), a plaintiff must have *standing* to file a complaint in federal court, which requires a personal and tangible interest in the outcome, or the court is without jurisdiction under the Constitution to hear the claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In his opposition to the FEC's motion to dismiss the initial complaint, Mr. Vroom alleged an "informational injury," citing *Federal Election Commission v. Akins*, 524 U.S. 11 (1998). Opp'n [Dkt. 9] at 9. *Akins* held that the plaintiffs had alleged a concrete and particularized injury where the FEC had not defined the American Israel Public Affairs Committee ("AIPAC") as a political committee because this determination deprived the plaintiffs of information regarding contributions to federal candidates made by AIPAC. *Id.* at 21. The Supreme Court found that voters have a cognizable injury when they are unable to obtain information that helps them evaluate candidates for office. *Id.* Similarly, "Mr. Vroom claimed in his opposition that he was prevented from seeking information that will help him to evaluate candidates for office." *See* Order at 4. As a result, the Court provided Mr. Vroom with the opportunity to amend his complaint to reflect this injury. *Id.*

Mr. Vroom filed his Amended Complaint on January 7, 2013, which includes allegations of an informational injury. Am. Compl. [Dkt. 13]. He alleges that the FEC's dismissal of his complaint "denies Vroom the ability to fully and accurately determine the source, magnitude and ultimate recipients of political contributions made by the General Electric PAC." *Id.* at 5-6. The FEC moves to dismiss for lack of jurisdiction, asserting again that Mr. Vroom lacks standing to pursue his complaint. *See* Def. Mot. to Dismiss [Dkt. 15].

## II.  LEGAL STANDARD

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098,

1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a

federal court because subject matter jurisdiction is an Article III and a statutory requirement.

*Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming

subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr*

*v. United States,* 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### III.  ANALYSIS

FECA uses broad terms to describe its enforcement by the public: "*[a]ny* person"

who believes the law has been violated may file a complaint with the Commission, 2 U.S.C.

§ 437g(a)(1); "*[a]ny* party aggrieved by an order of the Commission dismissing a complaint filed

by such party" may seek review in the District Court for the District of Columbia, *id.*

§ 437g(a)(8)(A); and "*[i]n any proceeding under this paragraph the court may declare that the*

*dismissal of the complaint or the failure to act is contrary to law,*" *id.* § 437g(a)(8)(C) (emphases

added).  Mr. Vroom filed a complaint with the Commission; he considers himself aggrieved by

the Commission's failure to investigate his allegations; and he has petitioned for review in this

Court, arguing that the Commission's failure to investigate is contrary to law.

Despite the broad language of FECA, however, a plaintiff in federal court must

also satisfy the requirements for standing under Article III of the Constitution.  To establish

standing, a plaintiff must have suffered an "injury in fact – an invasion of a legally protected

interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or

hypothetical."  *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted).

Additionally, the injury must be "fairly traceable" to the defendant's action or inaction and

"likely" to be "redressed by a favorable decision."  *Id.* at 660-61 (internal quotation marks

omitted).  The Circuit has cautioned that:

> In those cases where "a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*" it is substantially more difficult to establish injury in fact, for in such cases "one or more of the essential elements of standing 'depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict.'"

*Common Cause*, 108 F.3d at 417 (quoting *Lujan*, 504 U.S. at 562). Thus, while Congress can indicate its intent that disputes be resolved in federal court, as it has in FECA, a litigant must still meet the requirements for standing set forth in *Lujan* to have his case heard. *See id.* at 419 (holding that FECA's language providing for judicial review "does not confer standing; it confers a right to sue upon parties who otherwise already have standing"). That is, Mr. Vroom must present a real injury, caused by the FEC, and subject to amelioration by court order. The FEC challenges Mr. Vroom's ability to show an injury-in-fact.

Although FECA itself does not confer Article III standing, allegations of "informational injury" can provide the requisite injury-in-fact for such standing. That is, when FEC action or inaction deprives voters of information that would help them evaluate candidates for office, such voters may have standing to complain. *See Akins,* 524 U.S. at 21. "[T]he nature of the information allegedly withheld is critical to the standing analysis," *Common Cause*, 108 F.3d at 417, so that if the requested information is available from other filings, no standing exists. *See Wertheimer v. FEC*, 268 F.3d 1070, 1073, 1075 (D.C. Cir. 2001) (noting that appellants "only [sought] the same information from a different source"). Critically, "[i]f the information withheld is simply the fact that a violation of FECA has occurred," the plaintiff has not suffered the type of "informational injury" recognized in *Aikens*. *Common Cause*, 108 F.3d at 417.

Mr. Vroom tries to articulate an informational injury here.  He alleges that the FEC's dismissal of his complaint "denies Vroom the ability to fully and accurately determine the source, magnitude and ultimate recipients of political contributions made by the General Electric PAC."  Am. Compl. at 5.  He also alleges that FEC data is inaccurate and cannot be used for this purpose because the contribution reports for the two PACs are no longer combined:

> The FEC argues that despite its approval of disafilliation for the GE and Penske PACs, Vroom is still able to determine the amount each PAC "reports" for its contributions to federal candidates, and therefore he suffers no informational injury.  Incredibly, the FEC appears to be saying that as long as Vroom can get information, regardless of its validity or accuracy, he suffers no harm. . . .  [T]he FEC has an obligation to collect and present to the public reliable and accurate information on federal political contributions.  Therefore, it's [sic] approval of the GE/Penske PAC disaffiliation and dismissal of Vroom's complaint in the face of overwhelming evidence of the ongoing control of Penske by GE, imposes a very real and substantial injury upon Vroom and others who seek this information both in their occupations and for purposes of voting.

*Id.* at 6-7.

The question of standing raised by Mr. Vroom's Amended Complaint resolves itself as to whether he has suffered a justiciable injury from having to review multiple filings from GEPAC and the Penske PAC to ascertain contribution levels instead of merely a combined GEPAC/Penske PAC single filing.  The PACs' contribution levels and recipients, insofar as FECA requires such disclosure, are already fully disclosed in GEPAC and the Penske PAC's respective FEC filings.  Indeed, Mr. Vroom relies on the public disclosures by these PACs to argue that the FEC erred in its decision to disaffiliate them.  *See* Opp'n [Dkt. 17] at 10-11; Compl. at 19.  Thus, Mr. Vroom has not identified any information that is truly unavailable, only that it is presented in a way that he believes is legally insufficient.

Mr. Vroom seeks no additional facts but, rather, a legal determination, *i.e.*, that "any contributions made by the GE and Penske PAC's [sic] that in the aggregate exceed the limitations placed upon a single affiliated PAC, are illegal." Am. Compl. at 9. The law in this Circuit is clear that Mr. Vroom has no standing to sue on the basis that "the information withheld is simply the fact that a violation of FECA has occurred." *See Common Cause*, 108 F.3d at 417. Likewise, the data error perceived by Mr. Vroom relates back to the FEC's disaffiliation decision about which he filed an administrative complaint and reflects only his desire for information concerning a violation of FECA. *See id.* at 418 ("Nothing in FECA requires that information concerning a violation of the Act as such be disclosed to the public.").

## IV. CONCLUSION

Although he redrafted his complaint to present an informational injury, Mr. Vroom can articulate no inaccessible information from the GEPAC and Penske PAC filings that would be available were the two PACs no longer disaffiliated. The FEC's motion to dismiss, Dkt. 15, will be granted. A memorializing Order accompanies this Memorandum Opinion.


Date: June 28, 2013                                   _____/s/_____
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge